UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RYAN THOMAS MANLEY )<br>) | CR: 000-000 |

## PLEA AGREEMENT

Defendant <u>Ryan Thomas Manley</u>, represented by Defendant's counsel Robert Homlar, and the United States of America, represented by Assistant United States Attorney Tara M. Lyons have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.    <u>Guilty Plea</u>

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One through Seven of the Information, which charge violations of the following statutes: (Counts One through Six) 18 U.S.C. ' 2252A(a)(7) and (Count Seven)  18 U.S.C. ' 2252A(a)(5)(B).

2.    <u>Elements and Factual Basis</u>

a.    The elements necessary to prove the offenses charged in Count One through Six are (1) the Defendant knowingly produced with intent to distribute, or distributed by any means, including a computer; (2) in or affecting interstate or foreign commerce; and (3) child pornography that was an adapted or modified depiction of an identifiable minor.



b.    The elements necessary to prove the offenses charged in Count Seven are (1) the Defendant knowingly possessed any matter that contained an image of child pornography, as defined in Title 18 United States Code Section 2256(8); (2) that such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and (3) the Defendant knew that such items constituted child pornography.

c.  Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

On or about January 15, 2025, in Richmond and Columbia Counties, within the Southern District of Georgia, the Defendant, did knowingly attempt to produce with intent to distribute, by any means, including a computer, in or affecting interstate or foreign commerce, child pornography as defined in Title 18, United States Code, Section 2256(8)(C), that is, an adapted or modified depiction of an identifiable minor as defined in Title 18, United States Code, Section 2256(9), to wit: visual depictions of Minor Victims 1, 3, 4, and 5, minor females, engaging in sexually explicit conduct, and attempted to do so.

On or about February 7, 2025, in Richmond and Columbia Counties, within the Southern District of Georgia, the Defendant, did knowingly attempt to produce with intent to distribute, by any means, including a computer, in or affecting

2

interstate or foreign commerce, child pornography as defined in Title 18, United States Code, Section 2256(8)(C), that is, an adapted or modified depiction of an identifiable minor as defined in Title 18, United States Code, Section 2256(9), to wit: visual depictions of Minor Victim 6 and 7, minor females, engaging in sexually explicit conduct, and attempted to do so.

On or about February 22, 2025, in Richmond and Columbia Counties, within the Southern District of Georgia, the Defendant, did knowingly attempt to produce with intent to distribute, by any means, including a computer, in or affecting interstate or foreign commerce, child pornography as defined in Title 18, United States Code, Section 2256(8)(C), that is, an adapted or modified depiction of an identifiable minor as defined in Title 18, United States Code, Section 2256(9), to wit: visual depictions of Minor Victim 2, a minor female, engaging in sexually explicit conduct, and attempted to do so.

3.    Possible Sentence

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence as to Counts One through Six: 15 years' imprisonment, no less than five years of supervised release not more than life, a $250,000 fine, such restitution as may be ordered by the Court, forfeiture of all forfeitable assets, additional assessments pursuant to 18 U.S.C. §§ 3014 and 2259A. The Court additionally must impose a $100 special assessment per count of conviction.

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence as to Count Seven: 20 years' imprisonment, , no less than five years

3

of supervised release not more than life, a $250,000 fine, such restitution as may be ordered by the Court, forfeiture of all forfeitable assets, additional assessments pursuant to 18 U.S.C. §§ 3014 and 2259A. The Court additionally must impose a $100 special assessment per count of conviction.

4.     No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5.     Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.  [

b.    Acceptance of Responsibility

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7.    Forfeiture

a.    Defendant agrees to forfeit Defendant's interest in any devices involved or used in the knowing commission of the offense to which Defendant has agreed to plead guilty, specifically a Build Redux Drive, a Samsung Galaxy S24,  a Space Monkey DVR, an iPad 6, a Dell Laptop, a Yellow 2g Flash Drive, a White MacBook, a View Sonic Monitor, and an Acer Predator Monitor (collectively, the "Subject Property").

b.    Defendant states that Defendant is the sole and rightful owner of the Subject Property, that, to the best of Defendant's knowledge, no other person or entity has any interest in the Subject Property, and that Defendant has not transferred, conveyed, or encumbered the Defendant's interest in the Subject Property. Defendant



5

waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c.      Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d.      Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

8.      <u>Financial Obligations and Agreements</u>

a.      <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to

6

the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.    Special Assessment

Defendant agrees to pay a special assessment in the amount of $____, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.    No Transfer of Assets

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

d.    Material Change in Circumstances

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

e.    Enforcement

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant

7



understands and agrees that the financial obligations and forfeiture imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.    Waivers

    a.    Waiver of Appeal

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

    b.    Waiver of Collateral Attack

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

8

c.     FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.     Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.    Sex Offender Registration

Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of Defendant's supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout Defendant's life.

11.    Defendant's Rights

9

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.    Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

13.    Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.

Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14.    Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

                                   MARGARET E. HEAP
                                   UNITED STATES ATTORNEY

June 30, 2026
Date                               Patricia G. Rhodes
                                   Chief, Criminal Division


June 29, 2026
Date                               Tara M. Lyons

11

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

6-28-26
Date

Defendant, Ryan Thomas Manley

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

Date

Defendant's Attorney , Robert Homlar

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA   )
)
)
v.    )     CR: 000-000
)
RYAN THOMAS MANLEY   )
)

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change Defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __4th__ day of ____August____ 2026.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA